UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| BARBARA LYNN C., | Case No.: 3:20-cv-00482-BAS-AHG |
|---|---|
| Plaintiff, | **ORDER GRANTING MOTION TO STAY** |
| v. | |
| ANDREW SAUL, Commissioner of Social Security, | **[ECF No. 8]** |
| Defendant. | |

This matter comes before the Court on Defendant's *Ex Parte* Motion for Stay of Proceedings ("Motion to Stay"). ECF No. 8. The Commissioner requests a stay of this action until such time as the Social Security Administration ("SSA") regains the ability to produce the certified administrative record necessary to answer and adjudicate this appeal. *Id.* at 1.

In support of the Motion to Stay, Defendant explains that the SSA's Office of Appellate Operations ("OAO") in Falls Church, Virginia, which is typically responsible for producing the administrative records in all Social Security cases brought in federal court pursuant to 42 U.S.C. § 405(g) and (h), has been significantly affected by the COVID-19 pandemic. *Id.* at 2. All office staff members are teleworking, making critical in-person physical tasks associated with preparing the record impossible. *Id.*; *see also* ECF No. 8-2,

Decl. of Christianne Voegele (declaration of the Chief of Court Case Preparation and Review Branch 1, and Acting Chief of Court Case Preparation and Review Branch 3 of the OAO, describing the functional limitations faced by OAO employees due to remote work requirements).

Therefore, Defendant requests that this case remain stayed until the Commissioner either files a proof of service showing that the certified administrative record has been served on Plaintiff, or otherwise files the administrative record, either of which action would automatically lift the stay. ECF No. 8 at 3.

Notably, this specific issue regarding the impact of the COVID-19 public health emergency on OAO staff has been addressed by the Chief Judge of this district in his Order of the Chief Judge # 21 ("CJO # 21"), issued on April 8, 2020.[1] In light of "the number of cases already impacted, and the ongoing nature of the emergency," and "[t]o preserve the status quo until such time as the Commissioner may begin normal operations at OAO and may resume preparation of [certified administrative records]," the Chief Judge stayed all civil cases "filed on or after March 1, 2020 brought against the Commissioner under 42 U.S.C. § 405(g)," unless otherwise ordered by the assigned district judge or magistrate judge in the case. CJO # 21 ¶¶ 5-6.

The present action was filed on March 13, 2020. ECF No. 1. Therefore, it falls within the ambit of CJO # 21 ¶ 6, staying all actions filed on or after March 1, 2020. However, in the Motion to Stay, the Commissioner asserts that this case "does not fall within the parameters of" CJO # 21. ECF No. 8 at 1 n.1. Upon closer review, it appears that Defendant's confusion may stem from the fact that Paragraph 8 of the same order directs that "all cases or matters commenced on or after March 16, 2020 will be immediately

---

[1] CJO # 21 is available on the court website at: https://www.casd.uscourts.gov/_assets/pdf/rules/Order%20of%20the%20Chief%20Judge%2021.pdf.

stayed." CJO # 21 ¶ 8. It is unclear which of these dates—March 1 or March 16—controls, and this action was filed in between the two dates.

Regardless of which date controls, the Court finds that CJO # 21 clearly establishes the Chief Judge's finding that there is good cause to stay all Social Security cases brought under 42 U.S.C. § 405(g) until the Commissioner can resume preparation of certified administrative records. The undersigned will not disturb that finding. Accordingly, to the extent the case is not already stayed pursuant to Paragraph 6 of CJO # 21, the Court **GRANTS** Defendant's *Ex Parte* Motion for Stay of Proceedings (ECF No. 8).[2]

In accordance with CJO # 21, the stay will be lifted automatically in an individual case when either: (1) the Commissioner files a proof of service showing that the certified administrative record has been served on Plaintiff; or (2) the Commissioner files the certified administrative record.

**IT IS SO ORDERED.**

Dated:  July 21, 2020

_____
Honorable Allison H. Goddard
United States Magistrate Judge

---

[2] Although the undersigned is not the presiding judge in this matter, magistrate judges have authority to determine motions to stay civil proceedings as long as the ruling does not "dispose of any claims or defenses" in the case or "effectively deny [the] ultimate relief sought." *SEC v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1260 (9th Cir. 2013). Granting Defendant's Motion to Stay has no such dispositive effect.